Mr. Iredale, good morning. I wish the court good morning. I would like to start with the issue concerning the amount in controversy first. I think it's the simpler of the two issues and I believe that the precedent in our circuit is very clear on this issue. Now I should begin by saying the district court noted that we are making a showing. Nonetheless, we believe that we're properly permitted to argue for several reasons that the district court made not only a factual error in his ultimate determination, but applied the wrong legal standard. That's for several reasons. First, under the case law, the court's determination is de novo on this issue. Secondly, as can be seen from the district court's decision on pages 1143 through 1148 of the excerpt of record, the district court judge was fully aware of the cases that have been cited by both sides in their briefs. That is to say the district court judge specifically referred to what we consider to be the second most important issue of the case, which is Crumb. Judge Easterbrook Well I was just going to ask, am I correct that the analysis, and I think it was pretty well articulated by Judge Easterbrook from the Seventh Circuit, is that if the other side challenges jurisdiction, the burden is on the proponent of jurisdiction to establish by a preponderance of the evidence that there is in fact jurisdiction. And then the district court can only dismiss if it finds by clear and convincing evidence, or by a clear and convincing standard, that the evidence is insufficient to trigger the jurisdictional amount. Is that the correct analysis? Judge Easterbrook I don't, well, with all due deference to Judge Easterbrook, I prefer the law of our circuit, which I think is fairly clear, which is set forth in two cases, Crumb versus Circus Circus Enterprises, and Geographic Expedition versus Estate of Lotka. In both of those, the court says that in the absence of any showing of bad faith, the jurisdictional amount claimed controls, unless the court can find, and this is the language, this is the standard quote, to a legal certainty that the plaintiff could not possibly recover that amount. I'm not sure that there, I'm not sure that there is a substantive distinction, because as I read Judge Easterbrook's opinion, what he's saying is, you can't dismiss the case unless you can declare by clear and convincing evidence that there is no jurisdiction. I think we're saying the same thing. I could live, in other words, Judge Tolman, I could live with that formulation, and I hope I'm not being talismanic, but I'm simply reciting what I understand to be the legal standard, or the nomenclature that our circuit has repeatedly used. Maybe we can use this case as an opportunity to clarify the Ninth Circuit standard, but let's go back to the first point you argued. There was a challenge raised with respect to the jurisdictional amount, and you had the opportunity to particularize how you can equal or exceed $75,000, but as you conceded, there isn't any jurisdiction that would allow you to do that. There weren't any specific amounts alleged, either in the complaint or in your response to the court's concern, so what is it that we should be looking at in order to assess applying the correct legal standard, whether or not you've successfully pled the jurisdiction? Yes. First, I think the court is right in that there was no specific monetary loss alleged. There were, however, allegations of the intentional affliction of emotional distress, a statutory violation under California state law, which involves the, we say, the malicious making public of the social security number, date of birth, mother's maiden name, maiden name, et cetera. Other identification of the plaintiff, which caused her, we believe, to suffer several attempts by others to steal her identity and use her credit card. The attribution by persons to her social security number of income that she did not earn. But she doesn't allege any actual out-of-pocket expenditures. In other words, the identity theft didn't result in any economic harm. So is it really sort of non-special damages that we assume equal or exceed $75,000 simply because she's invoked tort causes of action, intentional affliction of emotional distress, et cetera? Judge Tolman, here's what I wanted to say if I could. Number one, we believe that monetary damage is only one form of damages and is not the scenic one known for the invocation of federal jurisdiction. Two, that the standard the court should use is whether you use the nomenclature that Your Honor spoke of, used by Judge Easterbrook, or whether you use the legal certainty that the court can find to a legal certainty that the plaintiff cannot recover. Here's my problem. A plaintiff comes in and says, I have been wronged by the defendant. I've suffered intentional infliction of emotional distress. I'm very worried. I'm concerned that my identity has been stolen. And without something more, how does the court know whether by a legal certainty a jury is going to return a verdict of $1 or $10 million? Well, you put a very good question, Your Honor, which is what is the standard to be used? And I think to a certain extent it involves an empirical analysis without, however, relying necessarily on the peculiarities of the district court's opinions. And perhaps we assumed too much. I assumed that if a jury would find that the defendant maliciously exposed the identity of the plaintiff in circumstances which made it likely that others, and it's obvious that there were hundreds of people who were attending to this controversy, who were able to read and see this information which was exposed, which was done, we say, in a malicious way, that a jury would find that that was intended to cause emotional distress, that it was outrageous, that it did cause substantial emotional distress, and that a reasonable jury would award an amount of compensatory damages and punitive damages that would be in excess of the jurisdictional threshold. But your argument, I think, hinges more on the punitive aspect of the damages as opposed to the compensatory, because at this point I don't have anything to base compensatory on other than the invocation of a legal theory for damage. With all due respect, there are facts. These are the facts. But what facts? That, I think, is what's missing. I mean, I don't see... I had to go to a doctor. I had to seek medical assistance from a psychiatrist. I had 15 sessions, you know, at $500 a session. There's nothing like that before us in the record. I suffered physical ailments. I suffered emotional distress. I suffered migraines. I developed a bleeding ulcer. That is before the court. But where's the evidence of the visits to the doctor in order to address those medical concerns? Your Honor, we did not submit those. We didn't believe that they were required to be submitted for the initial prima facie showing. Well, the court said you didn't make a prima facie showing because of the dearth of factual allegations in response to the concern about the jurisdictional amount. Well, with all due respect, our submission is that if a person deliberately violates state law, maliciously seeking to cause emotional harm to a person, that that does cause and reasonably could have foreseen that the person would be subject to threats, identity theft, and harms of a repeated nature, albeit under the law as it exists now, only de minimis monetary harms. So we presume in an amount in excess of $75,000 based on those theories? If you understand my problem in terms of what I'm struggling with here, how do we get to $75,000 or more? I do, Judge Tolman. I do. But let me, if I could, posit another situation. Let's assume a diversity action involving a wrongful death. Somebody died. The person who died was 80 years old, had stopped working 15 years before, 10 years before, and he lost his life. His relatives loved him. That's it. That's the case. I think that case presents the very same issue that Your Honor puts to me. Now, admittedly, I don't want to be hyperbolic. This damage in this case was not of such an extent. But I need to say this, and that is, while it may be more difficult in the sense of determining with a precise formula how you satisfy a jurisdictional amount, when you don't have, for instance, a contract that says damages are $80,000, or you owe me $150,000 by this note, we know, and the law treats emotional damage, physical pain attended to emotional damage, and the outrage from the theft of one's identity as harms which are compensable. And depending on the circumstances, and we believe we have alleged them here, it is not at all inappropriate to believe that the jurisdictional amount would be satisfied. Is your argument then that the court simply cannot declare by clear and convincing evidence to a legal certainty that the case will never involve more than $75,000? Is that the bottom line for us? The way you put that question to me suggests that I should not say yes. It's not a trick question. I'm just trying to figure out how to apply the legal analysis. Here's what I'm saying. Unless the district court judge can say to a legal certainty, and legal certainty is defined by the cases that we cited, Crum, geographic expeditions, unless the judge can say to a legal certainty that the case will not result, will not, as a matter of law, result in that, then he may not dismiss the matter on a 12B6 motion. Now, mind, I'm not saying that that's necessarily true for summary judgment. But that was my quarrel, and let me just finish up with this point. The quarrel that I had with the determination of the district court was that in the guise of a 12B6 motion, we had a trial. Now, I didn't come in until late in the case. I think that... That's always going to be the case with regard to a 12B6 motion where there's a challenge to jurisdiction and a diversity action, is it not? Well, I think the purpose of our case law, at least the cases that I've cited, and even the Christianson case, is to say except in the most extreme cases, we are not going to do a factual inquiry. So basically what you're saying is the court can't dismiss on jurisdictional grounds on 12B6? The court can, but only in the most obvious and extreme cases. If somebody said, I'm suing the police department for a violation of my civil rights because they gave me a jaywalking ticket that cost me $12. And the court, as a matter of common sense and reasonable experience, can say, no, that's de minimis. The money is nothing, and the pain and suffering is de minimis. And this is frivolous. And if a jury returned a million dollar verdict, I'd grant a judgment notwithstanding and remit the amount. That's right. And actually, maybe that is the standard that Your Honor just suggested to me. Let me suggest that that is the standard. That is to say, maybe the standard is, if you look at it ultimately, for the district court to say, I'm crediting everything as I must on a 12B6 motion that is in this complaint. If a jury were to render a verdict of $75,000 and $1, I would have to, as a matter of law, have to remit that, have to set aside the verdict because it would be excessive. And I think, although that's not mentioned in any of the case, Your Honor has suggested to me that that might be the appropriate legal test to impose because it's simple, it's easily applied, it gives deference to the allegations of the complaint, which 12B6 requires, and it is easily administered. Okay. Having said that, I have 16 seconds. Actually, you're over by 20, but I'll give you a little rebuttal. I apologize. You're on the other side. Thank you so much. Thank you. Good morning. It pleases the Court. I suppose my task would be to address some of the issues that I just raised. It would be very helpful. I'm eager to do so. Could you tell us first who you are? I'm sorry. Ronald Coleman for the defendant, John Patrick Frey at the Appley. I think it would be helpful for us. Are you going to argue for all the defendants? No. Actually, the county of Los Angeles is being represented as well, and he will be appearing after I speak. How much time do you have? Eleven and four. Eleven and four. Okay. Procedurally. Let me have you address the amount in controversy because it's relatively unusual, in my experience, for a district judge to require any sort of a mini-trial on the amount in controversy. You've got a situation where the court is saying to a plaintiff, you know, there's no question of diversity of the parties in this particular case, that you've got to come forward with some evidence to demonstrate the jurisdictional amount. And the plaintiff then submits a declaration on a penalty of perjury, an affidavit, that's unchallenged, uncontested, setting forth certain facts, which I think, if proven, will lead to some damages. So, for example, the potential fraud based on disclosure of a Social Security number that then caused, I think it was a car dealership, to question whether she was in the process of purchasing a vehicle that she wasn't, and the fact that she had to move a couple of times, so there are expenses associated with that. So she comes forward with facts, which, if proven, I think a jury would award damages on. So, for me, the question then is, has she, based on those unchallenged factual allegations, demonstrated that she could, or could the court say to legal certainty that if the jury accepts those facts as true, that they wouldn't award damages in excess of $75,000? What's the court to do to probe that, require her to lay out bills, receipts, expenses? How far down the rabbit hole are we going to go? Your Honor, I appreciate the question. First of all, it was actually, just to clarify a procedural matter, it was ultimately a 12B1 motion that was made based on the court's sua sponte suggestion earlier in the proceedings. So I appreciate that there's a question as to what the appropriate standard might be. Was it a sua sponte invitation by the court for submission, or do we ultimately say now that a motion was made by the defendant, now it comes to the legal certainty standard? It doesn't really matter because the submission that was made doesn't meet any standard. Now, to directly answer the question, it would be one thing if we were indeed making a mini trial or a summary judgment motion and requiring receipts or affidavits from third parties, doctors, physicians, the prospective employers. If it had even been the case that this party had bothered to identify the specific employment opportunities that had been lost and the salaries attendant thereto, if any of the fundamental specifications, it's almost more like a Rule 9B sort of inquiry when alleging fraud. You don't have to prove it, you don't have to back it up at the pleading stage, but at least let the court know that there's something really there. How much did you spend on doctors? What sort of losses can you put? Is there an integer somewhere in there that the court can use? Then, if there would be a need to challenge as to authenticity, then I would understand if the court would say, well, now we're having a whole summary judgment, we're having an entire factual inquiry, we're not going to go there. But what actually was submitted, and the plaintiff here had ample opportunity, and this is not a situation where the plaintiff was an unrepresented party. I think if this were a... The question, Mr. Collin, really is the applicable test. Well, I think regardless of the test, Your Honor, even to the legal certainty standard, there is nothing, not a thing... You accept that the legal certainty standard is the law of the circuit? No, no, but I do think that whether it's the legal certainty test or the... I actually think the preponderance of evidence test does apply. The court actually initiated the question, and the fact that it would have been irresponsible for plaintiff not to then make the motion based on the court's inquiry. So whether it's the legal certainty standard or a clear and convincing evidence, I'll leave it to the court to determine if, in fact, those are two different ways of saying the same thing. But this submission didn't even make a... didn't even reach the level of fleshing out what could be coherently understood as identifiable financial damages. And the standard or non-standard that is being proposed by the appellant here would be exactly the same argument that could be made if Congress had set the jurisdictional threshold for diversive jurisdiction at $75 million. The number has become meaningless. By saying that merely alleging categories of tort injury, it is sufficient to say we know that in torts like this, juries may find all kinds of damages. The number becomes irrelevant. Well, why isn't that enough? I mean, in other words, if we know... Let's say, for instance, in a defamation case, all the plaintiff's injuries, you know, injured my reputation, and I suffered more than $75,000 worth of, you know, general, special, and punitive damages. Why isn't that enough? I don't know that it is. You don't think it is in a defamation case? Your Honor, I actually... Suppose a subject were, we'll say, you know, some respectable... like Mike Huckabee. Suppose that's all he said. It's not enough? Would that be enough? That's all he alleged. I suppose that that would be enough. All right. So that's the test you apply, right? Yes, because the court would then be in the possession of a full set of facts that would enable it to make a judgment that... A set of facts. All the complaint alleges that I was defamed, and I suffered, you know, injury to my reputation, and my general, special, and punitive damages exceed $75,000. Period. But the plaintiff is not Mike Huckabee. And Your Honor gave that example for a reason. The reason being... Well, the reason is you can't tell. That's what I'm... Right. That was her opportunity. So, therefore, that's why it would have been appropriate for this plaintiff to say, which Mike Huckabee doesn't have to say, I would have been considered for this opportunity, which would have paid me $75,001 last year, but I didn't get it because of the... That's all she had to do. I'm not sure if that level of factual specificity is really required. Because I think what you're doing is to say, look, there are instances when plaintiffs can submit an affidavit and allege facts that are sufficiently specific so that we know those facts may lead to an award damages of greater than $75,000. And so, as I understand your argument, you're saying these facts are not sufficiently specific, right? Am I getting that right? That is correct. So if the plaintiff says, look, because of these numerous problems that I've suffered since the disclosure of personal information online, I've had a bleeding ulcer, and I've had to go to the doctor for that. I don't know that the plaintiff has to say, I went 10 times to the doctor and I got the bill yesterday and the total amount is $10,651, and let me add that to this other category of damages. I mean, so long as the factual specifics are there so that we can tell that damages may arise, I suspect that's probably enough. With all due respect, I can't agree. I'm not aware of this. I haven't the slightest inkling, and I don't know that any district judge does, of what damages flow from having a bleeding ulcer. It may be $75. It may be a pack of Zantac. See, I mean, you may be correct, but that's the very problem. I mean, the idea of holding a trial on the amount of damages before you even get to the libel, it doesn't seem to be the right way to do it. I agree, Your Honor. We should not hold the trial. But you're advocating. No, I'm advocating that before a plaintiff holds a defendant into court to hold a trial and subjects him to everything that implicates, that plaintiff should be able to enunciate fairly specific enough facts. I'm not asking for the exact doctor bills, but tell me how many doctor visits there were. And by the way, there are other damages that are alleged that are quite specific, you know, that do lend themselves to enunciation. Why couldn't they have been enunciated more clearly? Well, what about the damages that you can't, you know, enunciate and figure out? For instance, punitive damages. How would you make a preliminary showing on that? I don't know how to answer that question, but I'm not. That's the problem, see? Nobody does. That might be, Your Honor. But that's not the problem in this case, because it's not my understanding that Appellant is relying on punitive damages here. If she were, I think she'd be in even worse shape than she is. She has actually alleged a full catalog of very specific personal damages to her that no one on earth was in a better position to specify. And again, it wasn't necessary for her to spend a lot of money or spend a lot of time, but to tell us, I'm undergoing treatment. I've got medication that has a certain cost to me. I've had to buy insurance. Closure of your Social Security number online causes somebody to steal your identity in an attempt to purchase a vehicle in your name. How much is that worth? I don't know. I'm not aware that... The jury accepts those facts. How much is that worth? I frankly don't think it's worth anything unless you can prove that it's worth something. And merely being able to articulate so unpleasantness that has happened in one's life cannot possibly be what Congress had in mind, what has set the $75,000 jurisdictional threshold for diversity jurisdiction, or else we're eviscerating it. I understand the Court's frustration with the many causes of action, many valid plaintiff's claims that do not lend themselves, but this particular submission did not meet a modicum, a modicum of the standard that it should have met. Mr. Coleman, you've got about 30 seconds left before you start cutting into the county's time. I'm happy to see the rest of the time for the county. Okay. Good morning, Your Honors. Paul Beach for Defendant County of Los Angeles. The two true parties here have thoroughly briefed the issues. I'll be happy to answer any questions that the Court may have that are specifically directed towards the county. Well, I guess the question for me is, where's the state action in this case? No doubt, Your Honor. I mean, under this Court's prior precedence in the Van Ort matter and similar authorities, I don't think that the state action, quite frankly, exists in this circumstance. In fact, if state action were to actually be applied here, it would be rather ironic, unfortunately, because, frankly, it would be allowing the use of 42 U.S.C. Section 1983, which is actually supposed to vindicate the exercise of civil rights against someone who's exercising their free speech rights in this context. I recall at my law school graduation, Judge Alarcon coming and speaking about the death penalty and, you know, looking back at that 20 years ago, under no circumstance would I ever have thought that that amounted to state action, but that certainly is much more state action than what we're talking about here, which is it was obviously a political debate between people who apparently care a great deal about politics, so I don't believe that state action was established. And lastly, with regard to the diversity jurisdiction issue and the amount in controversy, I'd simply like to point out that the record here is that the district court clearly expressed great concern with regard to whether the amount in controversy was met and laid it out in great detail and asked specifically, literally, the word was invited, plaintiff, appellant, to address the issue, and she didn't. So the record, to the extent that it's incomplete or not fleshed out, it isn't because the appellant wasn't given the opportunity. Otherwise, Your Honor, I think I could submit. All right. I don't want to abuse the court's generosity. It is said that the definition of a cynic is a person who knows the cost of everything and the price of nothing. And that, I think, summarizes our position here.  The court is to seek money damages, but that's the only thing you can seek as a general matter in a civil case. And the whole issue is what a reasonable jury will say is the monetary amount of something that is intangible and sometimes very hard to define, but which we know as human beings is real. The standard, I believe, has been already enunciated by this court in very clear language, which is to a legal certainty. Essentially, the rule on 12b-6 motions is unless the judge looks at the complaint and says this is entirely frivolous, what is alleged is entirely de minimis, and as a matter of law, I'm not going to permit it, the case at the 12b-6 level should be permitted to go forward. Thank you very much. Thank you, Mr. Riddell. The case just argued is submitted.
judges: Tashima, Tallman, Nguyen